**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 06-92-DLB**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**WILLIAM F. JACKSON**                                          **DEFENDANT**

**\* \* \* \* \* \* \* \* \* \***

On June 18, 2015, this matter came before the Court for a Final Revocation Hearing on the

U.S. Probation Office's Report that Defendant William F. Jackson had violated conditions of his

supervised release. (*See* R. 46).  Defendant was present in Court and represented by Jeffrey Brunk,

and the United States was represented by Assistant United States Attorney (AUSA) Elaine Leonhard.

The proceeding was electronically recorded and is contained in the Court's audio file at KYED-

COV_2-06-cr-92-DLB-CJS-20150618-102331; the official recording of this proceeding was

certified by Linda Tierney, Deputy Clerk.

Upon call of this matter at the final hearing, Defendant admitted to the violations as set forth

in the Probation Officer's May 22, 2015, Report.  After hearing from counsel and the Defendant, the

matter was taken under submission by the undersigned for preparation of a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i); *see also United*

*States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).  For the reasons that follow, it will be

recommended that Defendant's supervised release be revoked and that he be sentenced to a term of

imprisonment of 21 months, with a new term of supervised release to follow that expires on

November 18, 2022, the expiration date for Defendant's original 8-year term of supervised release imposed by the presiding District Judge at sentencing.

## I.     Procedural Background

On April 20, 2007, Defendant pleaded guilty to the offense of Possession with Intent to Distribute Crack Cocaine, in violation 21 U.S.C. § 841(a)(1).  (R. 18).  On August 7, 2007, the United States District Court for the Eastern District of Kentucky sentenced Defendant to 131 months of imprisonment, with 8 years of supervised release to follow. (R. 28).  Defendant was released from imprisonment to begin his 8-year term of supervised release on November 19, 2014.

On May 22, 2015, Defendant was charged with the following violations of supervised release.  Each violation is based upon the factual circumstances set forth below.

> **Violation No. 1:** The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.  (Grade C violation).

On May 8, 2015, Defendant reported to the U.S. Probation Office at the direction of his Probation Officer, where a sweat patch was placed on his arm.  On May 15, 2015, the sweat patch was removed from Defendant's arm and forwarded to the Clinical Reference Laboratory for testing.  On May 20, 2015, the sweat patch submitted by Defendant tested positive for cocaine.

> **Violation No. 2:** The defendant shall not commit another federal, state, or local crime.  (Grade B violation).

Under Sixth Circuit precedent, use is equivalent to possession and therefore under the circumstances considered a violation of federal law, 21 U.S.C. § 844(a), given Defendant's history.

> **Violation No. 3:** The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or acceptable reasons. (Grade C violation).

2

Beginning February 19, 2015, Defendant represented to his Probation Officer that he had been hired through Select Staffing for employment at Volasses. Defendant advised he was to begin work on February 27, 2015, and his work day would include a 12-hour shift beginning late in the day and continuing until the early morning hours. Defendant asked his Probation Officer whether he could quit if he did not like the job, and his Probation Officer instructed him to keep the job until he found alternate employment. On March 5, 2015, Defendant informed his Probation Officer that he was working the day shift, was off on Saturdays, Sundays, and Mondays, and that he hated his job. Defendant's Probation Officer instructed Defendant to continue to work at Volasses until he found another position. A later review of Defendant's online paystub revealed he did not work beyond March 1, 2015, due to absenteeism. Defendant's online paystub further revealed that he worked for Volasses for a total of 30 minutes during the pay period of February 25, 2015, through March 1, 2015. On March 23, 2015, Jackson admitted he had lost his job with Volasses.

Defendant subsequently obtained employment with Club Chef, which he maintained from April 27, 2015, through May 3, 2015. Defendant informed his Probation Officer that he quit Club Chef because the facility was too cold and it was making him sick.

**Violation No. 4:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. (Grade C violation).

On February 26, 2015, and again on March 5, 2015, Defendant was advised by his Probation Officer to maintain his employment with Volasses through Select Staffing until he found alternate employment. On March 5, 2015, Defendant represented that he had been moved to the day shift, however, later investigation revealed that Defendant had not worked for Volasses beyond March 1, 2015.

3

At the final hearing on these charged violations, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised release as well as the sentencing options available to the Court.  The undersigned also informed Defendant that the presiding District Judge imposing the final sentence was not obligated to impose the sentence recommended by the undersigned.  Defendant acknowledged his understanding and stated he wished to stipulate to the violations and proceed to discuss sentencing.  Accordingly, after being placed under oath, Defendant admitted and entered a guilty plea to the violations of his supervised release as set out in the May 22, 2015, Supervised Release Violation Report of the U.S. Probation Officer.  Defendant did not waive his right to allocute before the presiding District Judge.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his admissions regarding the charges, and that he enters his guilty plea knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the allegations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged.  This, then, takes us to the issue of sentencing.

## II.     SENTENCING

### A.     Legal standard and sentencing guidelines

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court must revoke a defendant's supervised release where the defendant is found to have possessed a controlled substance, *see* 18 U.S.C. § 3583(g), or upon a finding of a Grade A or B violation, *see* U.S.S.G. § 7B1.3(a)(1).

The undersigned is also mindful of the need to recommend a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). Accordingly, in making a determination of an appropriate sentence, the sentencing court is to consider:

1.   The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.   The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.   The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.   The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the United States Sentencing Guidelines ( U.S.S.G.) Chapter 7, Part B, and the factors set out in 18 U.S.C. § 3553(a) must be considered. The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

Here, considering that Defendant's underlying criminal offense of possession with intent to distribute crack cocaine is a Class A felony, the maximum term of incarceration upon revocation of supervised release is 5 years. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.1 of the Sentencing Guidelines suggests a revocation range of imprisonment of 21 to 27 months, based upon Defendant's criminal history category of VI and the most serious violation as admitted by him being that of a Grade B. Defendant may also be placed back on supervised release following any term of imprisonment that is imposed upon revocation. Here, the maximum term of further supervised release under the statute would be life because the term of supervised release authorized by statute for Defendant's underlying offense provides no maximum period of time that a defendant can be placed on supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

**B.      Summary of arguments of counsel regarding sentencing**

Defendant and the United States disagree as to an appropriate sentence for these violations. At Defendant's final revocation hearing, defense counsel advocated that Defendant be allowed to continue on supervised release with the requirement that he receive treatment for his drug-use and mental health problems. Counsel noted that such a sentence would serve multiple factors under 18 U.S.C. § 3553(a). In particular, counsel argued that the nature of Defendant's offenses were relatively low-level, and allowing Defendant to continue with his supervised release would provide him with the opportunity to seek the treatment he needs to address his drug abuse and mental health problems. Counsel also noted that by allowing Defendant to continue on supervised release, the Court could require him to attend vocational school as a means to help him obtain steady employment so as to re-integrate into society.

6

AUSA Leonhard requested the undersigned recommend a sentence of imprisonment within the guideline range.  AUSA Leonard explained that it is the Government's position that revocation is required under the circumstances of this particular case in light of Defendant's criminal history category of VI and his career offender status.  The United States noted that in the short time Defendant has been on supervised release, he has committed multiple violations.  Moreover, the United States argued against Defendant's request that the undersigned place him in treatment in lieu of a prison sentence, noting that previous treatment has failed to curb Defendant's behavior.

Defendant also addressed the undersigned, stating that he believes he needs continued support to successfully transition into society, and expressing his belief that he has never been given a chance to succeed.  He acknowledged he messed up by relapsing, but appealed to the Court to place him in treatment to give him the tools he needs to succeed as a law-abiding citizen.

United States Probation Officer Stacy Suter also addressed the Court without objection from either party.  Officer Suter advised that Defendant had not requested treatment during his term of supervision.  Officer Suter also clarified for the Court that Defendant had not admitted to drug use before his positive drug screen.

## III.    Analysis and Recommendation

Upon consideration, the undersigned recommends that Defendant's supervised release be revoked and that he be sentenced to a 21-month term of incarceration with approximately 68 months of supervised release to follow, to expire on November 18, 2022, the period of supervision originally set by the Court at sentencing.  Under 18 U.S.C. § 3583(g) and § 7B1.4(a)(2) of the Sentencing Guidelines, Defendant's supervised release must be revoked in light of his possession of a controlled substance and admission to a Grade B violation.  Although the Court can consider whether the

availability of appropriate substance abuse programs warrants an exception from the requirement of mandatory revocation in the case of a defendant with a failed drug test, *see* 18 U.S.C. § 3583(d); U.S.S.G. § 7B1.4 app. note 6, such exception is not warranted here.

The Court finds that a sentence of 21 months' imprisonment is appropriate. A term of incarceration is needed to sanction Defendant's breach of trust, which is the fundamental principle underlying sentencing for supervised release violations. *See United States v. Branch,* 405 F. App'x 967, 970 (6th Cir. 2010) (citing U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b)). Although this is Defendant's first time before the Court in the present case to answer for violations of the terms of his supervised release, Defendant's criminal history suggests a pattern of continuing violations. As reflected in Defendant's Presentence Investigation Report, he was previously convicted in the Eastern District of Kentucky for possessing cocaine base with the intent to distribute it. It was while serving a term of supervised release for that prior conviction that Defendant was indicted for, and ultimately convicted of, once again possessing crack cocaine with the intent to distribute it in this case number 06-cr-92. He was also charged with violating the conditions of his supervised release in that prior federal case, number 01-cr-37. (*See* R. 26, at 10). Although Defendant's pending violations involve use of cocaine rather than distribution, Defendant's behavior is evidence that he is not concerned with breaching the trust associated with supervised release nor conforming his behavior so as to make a successful transition into the law-abiding community. Here, based upon the nature and circumstances of the violations and the history and characteristics of the Defendant, the Court believes a term of imprisonment is necessary to deter Defendant's repeated criminal conduct and protect the public. *See United States v. Eubanks*, No. 12-5622, 2013 WL 811812, at *3 (6th Cir. Mar. 5, 2013) ("A within-guidelines sentence is presumptively reasonable").

8

Moreover, Defendant's request for additional treatment in lieu of a term of incarceration is not warranted here. As the United States noted, Defendant has previously had the benefit of drug treatment, and has successfully completed both the Residential Drug Abuse Program (RDAP) while incarcerated as well as a program in a half-way house. However, he continues to demonstrate difficulty conforming his behavior, and the Court is not convinced that additional treatment, alone, will curb Defendant's pattern of behavior. The Court considers the need to impose a sentence to deter the Defendant from future criminal conduct, and in this case believes a term of incarceration is required to address such considerations.

The United States recommended a term of imprisonment in the mid-to upper guideline range, but did not offer information under the 18 U.S.C. § 3553(a) factors to persuade the Court that such a term is appropriate. The Court believes this term is greater than necessary to comply with sentencing purposes. Imprisonment within that range is not necessary for this first revocation, although the Court will not look favorably upon any future violation of supervised release conditions. Ultimately, imprisonment is warranted to sanction Defendant's breach of trust and compel him to accept and understand the importance of complying with the terms of his supervised release. Although the recommended sentence is at the low end of the guideline range of 21 to 27 months, the Court finds that the sentence is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

A court also may reimpose supervised release following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The maximum term of supervision the Court can impose post-revocation depends on the "term of supervised release authorized by statute for the offense that resulted in the original

term of supervised release." *See* 18 U.S.C. § 3583(h).  The general supervision term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b).  Here, the maximum term of supervised release would be life.  *See* 21 U.S.C. § 841(b)(1)(B) (providing for no maximum term for supervised release for the underlying offense).  Based upon the facts described above, a period of supervised release that permits Defendant to complete what the presiding District Judge originally intended for him–an eight-year term of supervision set to expire on November 18, 2022–will provide Defendant the opportunity to obtain assistance to successfully transition back into society.  *Johnson v. United States*, 529 U.S. 694, 708-09 (2000) ("The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty."); *United States v. Sizemore*, No. 6:03-18, 2015 WL 417879, at *5 (E.D. Ky. Jan. 30, 2015) (reimposing supervised release to expire as originally set).  This new term of supervision could further include treatment if Defendant is sincere in his representation that he believes he needs further treatment in order to succeed as a law-abiding citizen, despite having not requested that the Probation Officer refer him to treatment during his brief current term of supervision.  Accordingly, the undersigned will recommend that following Defendant's 21-month term of incarceration, he be placed back on supervised release for the term remaining until his originally imposed November 18, 2022, expiration date, amounting to a new term of supervision of approximately 68 months.

If Defendant is able to successfully transition without violation of his release conditions, after he has completed the first half of his new term of supervised release, he may request that the Probation Office present a petition for early termination of his remaining term of supervised release. The Court makes this recommendation as an opportunity for Defendant to prove that he is deserving of the trust associated with supervised release.  This provides a path for Defendant to do what he

acknowledges he needs to do, and gives him an incentive to work hard to comply with the terms of his supervision so that he can receive the reward of early termination from supervision.  The additional reward, of course, is that his successful completion of that first half means he will have put into place the structure, routine, and life environment needed to support his long-term recovery. If during this first half of supervision Defendant is able to conform his behavior to the special and standard conditions imposed, he will have dealt with his drug-seeking behaviors, created the structure that he needs, and effectively transitioned back into society, removing the need for the remainder of his supervised release term.

The Court strongly emphasizes the importance of Defendant fully complying with the conditions of his supervised release following his period of incarceration.  Further violations after having served a 21-month term of imprisonment will not give rise to giving him the same benefit of the doubt as to his desire and commitment to comply with supervision and maintain his sobriety. Defendant will need to work hard to abide by supervised release conditions.  Defendant needs to accept responsibility for transitioning back into society by abiding by the terms of his supervised release.  He should continue to communicate openly with the U.S. Probation Office and accept its support on the terms it is given to him.  Ultimately, Defendant's successful transition must come from his own volition.

**IV.     Conclusion and Recommendations**

In conclusion, after a thorough review of Defendant's Presentence Investigation Report, the factual circumstances of the violations, and the case record, **IT IS RECOMMENDED** that:

1.      Defendant, **WILLIAM F. JACKSON,** be found to have **VIOLATED** the terms of his supervised release as set out in the May 22, 2015, Supervised Release Violation Report;

2.      Defendant's supervised release be **REVOKED;**

3.      Defendant be sentenced to the custody of the Attorney General for a term of **TWENTY-ONE (21) MONTHS' imprisonment, credit to be given for time served since his detention on the charged violations,** with a new term of supervision to follow that will terminate on November 18, 2022 (approximately 68 months), under the same conditions as previously imposed, including substance abuse and mental health treatment as may be directed; and,

4.      Defendant having preserved his right to allocute, the Court set the matter for an allocution hearing <u>unless</u> Defendant notifies the Court in writing within **fourteen (14) days** of this Report and Recommendation that he wishes to waive allocution to the District Court prior to sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated this 7th day of July, 2015.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\06-92 Jackson SR R&R.final.wpd